## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

| | | |
|---|---|---|
| JOSEPH M. EADS, | : | Case No. 1:24-cv-225 |
| | : | |
| Plaintiff, | : | |
| | : | |
| | : | Judge Matthew W. McFarland |
| vs. | : | Magistrate Judge Stephanie K. Bowman |
| | : | |
| BUTLER COUNTY SHERIFF | : | |
| DEPARTMENT, *et al*., | : | |
| | : | |
| Defendants. | : | |

## ORDER and
## REPORT AND RECOMMENDATION

Joseph M. Eads, a federal prisoner, filed this action alleging he was sexually assaulted while seeking medical care at the Butler County Jail.  He sues several people and entities allegedly involved in the assault or its aftermath.  He is proceeding in the case *in forma pauperis* and without the assistance of counsel.

The case is currently before the undersigned Magistrate Judge to conduct an initial screening of the Complaint.  The Undersigned will permit some claims against one defendant to **PROCEED**, as detailed herein.  However, the Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims and defendants.

## I.    INITIAL SCREENING STANDARD

Because Plaintiff is a prisoner seeking "redress from a governmental entity or officer or employee of a governmental entity," and is proceeding *in forma pauperis*, the Court is required to screen his Complaint.  28 U.S.C. § 1915A(a); 28 U.S.C. § 1915(e)(2).  The Court must dismiss the complaint, or any portion of it, that is frivolous, malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b) and 1915(e)(2).

A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams*, 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable *legal* basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U.S. at 327. An action has no arguable *factual* basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992); *Lawler*, 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

To state a claim for relief, a complaint must set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must construe a complaint in plaintiff's favor, accept all well-pleaded factual allegations as true, and evaluate whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). However, a complaint that consists of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" is insufficient. *Id*. (quoting *Twombly*, 550 U.S. at 555).

In the interest of justice, this Court is also required to construe a pro se complaint liberally and to hold it "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) and citing Fed. R. Civ. P. 8(f) [now (e)]). Even with such a liberal construction, a pro se complaint must still adhere to the "basic pleading essentials." *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). Specifically, a pro se "complaint 'must contain either direct or inferential allegations respecting all the material elements' to recover under some viable legal theory." *Barhite v. Caruso*, 377 F. App'x 508, 510 (6th Cir. 2010) (quoting *Mezibov v. Allen*, 411 F.3d 712, 716 (6th Cir. 2005)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

## II.    PARTIES AND CLAIMS

Plaintiff Joseph M. Eads is a pretrial detainee facing a criminal charge in this United States District Court. *See United States v. Joseph Eads*, No. 3:23-cr-71 (S.D. Ohio) (Rice, J.).[1] The criminal case is pending, as of this writing. The instant civil case, filed in April 2024, concerns an incident allegedly occurring on December 29, 2023, while Plaintiff was in pre-trial custody at the Butler County Jail. (Complaint,[2] PageID 12, 14). Plaintiff is currently in custody at a different county jail. (*Id.*, PageID 10, 20).

The Complaint alleges the following facts. On December 29, 2023, Plaintiff was suffering from hemorrhoidal issues, including bleeding and severe pain, for which he sought

---

[1] According to the docket of the criminal case, Plaintiff entered a guilty plea in November 2023, but has since moved to withdraw it. (*See* Doc. 13, 15, 20 in Case No. 3:23-cr-71). His status as a pretrial detainee may be relevant to the nature of some claims.

The Court may take judicial notice of these court records that are available online to members of the public. *See Lynch v. Leis*, 382 F.3d 642, 648 n.5 (6th Cir. 2004) (citing *Lyons v. Stovall*, 188 F.3d 327, 332 n.3 (6th Cir. 1999)).

[2] For better readability, the Undersigned will cite to Plaintiff's Complaint, currently of record as Doc. 1-1, PageID 10-48, simply as the "Complaint."

3

medical attention. (Complaint, PageID 12, 14, 23, 27, 31). He was not permitted to see a doctor at that time. (*Id*., PageID 12, 14, 23, 27, 33). Instead, he was instructed to go to his room by Officer/Nurse Kenswarth, an employee of the Butler County Jail. (*Id*., PageID 12, 18, 19, 23, 27, 30, 31). Despite the lack of privacy in the room, and with the door open, Nurse Kenswarth instructed Plaintiff to turn around and pull down his pants so that he (Nurse Kenswarth) could see what Plaintiff was describing. (*Id*., PageID 12, 14, 15, 23, 27, 30). Nurse Kenswarth then "pushed his fingers" into Plaintiff's anal cavity three times. (*Id*., PageID 12, 15, 23, 27, 30). Plaintiff told him to stop, and he did when Officer Warner came to the door. (*Id*., PageID 12, 15, 23, 28, 30). Plaintiff was in "so much pain" and bled "all over [him]self" after the incident. (*Id*., PageID 12, 27). He gave a written statement about the incident to Officer Warner. (*See* "Voluntary Statement Form," dated December 29, 2023, Doc. 1-1, PageID 27). Plaintiff was not permitted to see a doctor at this time either. (Complaint, PageID 12).

The next day, Plaintiff was interviewed by Detective Morris of the Butler County Sheriff Department about the incident. (*Id*., PageID 12, 18-19, 23, 30). Plaintiff alleges that Detective Morris "got smartass" during their conversation. (*Id*., PageID 12, 18, 23). Plaintiff was then taken to the hospital, where staff performed a rape kit/sexual assault examination. (*Id*., PageID 12, 19, 23; *see also* SANE of Butler County Forensic Exam Aftercare Instructions, Doc. 1-1, PageID 25-26). Again, Plaintiff was not permitted to see a doctor for his injuries. (*Id*., PageID 12, 20, 23).

Plaintiff sues Nurse Kenswarth for the unwanted physical intrusion, which he describes as rape, abuse, sodomy, sexual assault, torture, unlawful sexual penetration, medical malpractice, medical abandonment, breach of fiduciary duty, and cruel and unusual punishment, among other things. (Complaint, PageID 12, 15, 16, 18, 22, 23, 27, 30). He sues Officer Warner for failing to

report the crime.  (Complaint, PageID 12, 16-17, 23, 30, 33).   He also sues Detective Morris, D.U.S.M. John Stengler, and "Jail PREA Coordinator" Lt. Robert Clendenin, although he does not identify his claims against these defendants.  (Complaint, PageID 10, 47, 48).

Additionally, Plaintiff sues several entities.  He sues the Butler County Jail, the Butler County Sheriff Department, and the "Butler County Jail Authority."  (Complaint, PageID 10, 47, 48).  The claims against these defendants generally concern the denial of medical care, the failure to press charges or investigate, and the refusal to provide documentation about the incident.  (*Id.*, PageID 14, 17, 18, 20-21).  Plaintiff also sues "Sane Hospital" or "Sane Butler County Hospital," and Tri Health Hospital.  (*Id.*, PageID 10, 47, 48).  He may also sue the State of Ohio.  (*Id.*).

Plaintiff labels these claims as arising under "the 5th, 6th, 7th, 8th, 9th, 14th cruel and unusual punishment, due process, the right to privacy, Equal protection of the Law, the 7th amendment the right to a civil jury, The right to be Free from torture, medical neglect, medical abandonment, mental anguish, pain and suffering, Federal and State Law Violations, Civil rights Violations, gross negligence and incompetency Violations."  (Complaint, PageID 17; *see also* PageID 22 (listing claims or legal concepts)).  In substance, as best as can be determined, Plaintiff appears to rely mainly on 42 U.S.C. § 1983 and the Eighth Amendment's Cruel and Unusual Punishments Clause.  (*Id.*, PageID 13, 14, 18; Civil Cover Sheet, Doc. 1-2, PageID 49).  Although many labels and conclusions are included, those claims that are identifiable and at all developed in the Complaint are discussed below.

For relief, Plaintiff wants Nurse Kenswarth "brought to justice."  (Complaint, PageID 13).  He also seeks monetary relief in the amount of $100 million.  (*Id.*, PageID 13, 21).  Further, he asks for a law requiring all jail employees to wear body cameras, and may seek release from

custody.  (*Id*.).

## III.    DISCUSSION

### A.    *Nurse Kenswarth*

#### 1.    Eighth and/or Fourteenth Amendments

Plaintiff's Section 1983 claims against Nurse Kenswarth appear to have three overarching and overlapping facets.  He alleges (1) a sexual assault, (2) deficient medical care, and (3) a violation of privacy.  These claims invoke the Eighth and/or Fourteenth Amendments. *See generally Carnes v. Hall*, 665 F. Supp. 3d 831, 843 (E.D. Ky. 2023) ("A sexual assault is clearly a violation of someone's right to bodily privacy . . . sexual misconduct committed outside of the arrest context typically is analyzed under the Fourteenth Amendment") (citations omitted) and 665 F. Supp. 3d at 844 (citing *Rafferty v. Trumbull Cnty.,* 915 F.3d 1087, 1095 (6th Cir. 2019)) ("Sixth Circuit precedent dictates that Plaintiffs' claims of sexual and other abuse should be evaluated, solely, under the Eighth Amendment."); *Buetenmiller v. Macomb Cnty. Jail*, 53 F.4th 939, 945 (6th Cir. 2022) ("Because [plaintiff] was a pretrial detainee at the time of the events in question, her claim is governed by the Fourteenth Amendment, rather than the Eighth.") (citations omitted).

At this early stage in the proceedings, without the benefit of an answer or other briefing, the Undersigned concludes that Plaintiff's Eighth and/or Fourteenth Amendment claims against Nurse Kenswarth in his individual capacity may **PROCEED** to further development.  The Undersigned expresses no opinion at this time on the merits of Plaintiff's claims or whether there may be defenses or procedural bars that will prevent him from ultimately obtaining relief.

#### 2.    Medical Malpractice

The Undersigned will also allow Plaintiff to proceed at this time on his state law medical malpractice claim against Nurse Kenswarth.  (*See, e.g.*, Complaint, PageID 16, 22).  "[H]owever,

complaints of [medical] malpractice or allegations of negligence are insufficient to entitle plaintiff to relief under Section 1983." *Ross v. Rutherford Cnty. Det. Ctr.*, No. 3:23-cv-398, 2023 WL 4189655, at *3 (M.D. Tenn. June 26, 2023) (citing *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976)).  Thus, any negligence or medical malpractice claim under <u>Section 1983</u> should be dismissed.

### 3.     State Criminal Offenses

Plaintiff lists several criminal offenses and/or statutes in his Complaint.[3]  (*See, e.g.*, Doc. 1-1, PageID 11, 15, 18, 19, 22).  To the extent he is seeking to prosecute Nurse Kenswarth or to bring civil claims for the alleged violations of these criminal statutes, his claims should be dismissed.  Plaintiff has no private right of action, or right to sue, under the Ohio criminal statutes.  *See Tapp v. Bob Evans Restaurants, LLC*, No. 5:19-cv-122, 2019 WL 2123207, at *2 (N.D. Ohio May 15, 2019) (citing *Booth v. Henson*, No. 06-1738, 2008 WL 4093498, at *1 (6th Cir. Sept. 5, 2008)) ("Absent unusual circumstances, an individual, like [plaintiff], possesses no private right of action based on alleged violations of criminal statutes."); *Byrd v. JPMorgan Chase Bank N.A.*, No. 2:21-cv-2447, 2022 WL 4368129, at *4 (S.D. Ohio Sept. 21, 2022) (concluding that where an Ohio criminal statute does not specifically indicate that a private

---

[3] He refers to the following Ohio Revised Code Sections, among others:

- 2903.11, entitled "Felonious assault"
- 2907.02, entitled "Rape; evidence; marriage or cohabitation not defenses to rape charges"
- 2907.03, entitled "Sexual battery"
- 2907.04, entitled "Unlawful sexual conduct with a minor"
- 2907.05, entitled "Gross sexual imposition"
- 2907.12, entitled "Felonious sexual penetration; marriage or cohabitation not defenses to charges— Repealed[.]"

He further cites:

- 109.68, entitled "Statewide sexual assault examination kit tracking system"
- 3780.33, entitled "Liabilities and immunities," concerning the adult use of cannabis.

person may sue to enforce it, there is no such right); *Simpkins v. Grandview Hosp.*, No. 3:18-cv-309, 2019 WL 3369440, at *8 (S.D. Ohio July 26, 2019) (considering claims under Ohio Revised Code § 2907.02 (criminal rape statute), § 2907.03 (criminal sexual battery statute), and § 2903.11 (criminal felonious assault statute) and concluding that "[a]ll claims based on Ohio's criminal statutes are barred as a matter of law, and are DISMISSED WITH PREJUDICE.") (emphasis in original).

"Where a plaintiff has no private right of action, a plaintiff has not stated a claim upon which relief can be granted." *Flood v. Reed*, No. 2:16-cv-778, 2017 WL 1021364, at *3-4 (S.D. Ohio Mar. 16, 2017) (citing *Kafele v. Frank & Woolridge Co.*, 108 F. App'x. 307, 308-09 (6th Cir. 2004)). Such claims cannot proceed.

Plaintiff also refers to Section 6106 of the "Protection from Abuse Act." (Complaint, PageID 15, 18). This appears to be a reference to a State of Pennsylvania domestic violence law, 23 Pa. Cons. Stat. § 6101, et seq. The statute appears entirely inapplicable to this case and the Undersigned cannot discern a plausible claim with respect to it.[4]

Plaintiff likewise cannot prosecute these state criminal offenses under Section 1983, as that statute only considers violations of *federal* or constitutional law. *See Willis v. ODRC, Dir.*, No. 1:22-cv-264, 2022 WL 2063739, at *11 (S.D. Ohio June 8, 2022), *report and*

---

[4] Perhaps relatedly, Plaintiff also cites to "Title 42. 4262A09" (Complaint, PageID 15, 18), which may be a reference to another Pennsylvania statute entitled "Emergency relief by minor judiciary." 42 Pa. Cons. Stat. § 62A09. He further cites "Rule 1201. Applicability." (Complaint, PageID 18). This too appears to refer to Pennsylvania law. *See* 246 Pa. Code § 1201, entitled "Applicability." It says:

The rules in this chapter apply to the exercise by a hearing officer of jurisdiction under:
**(1)** Section 6110 of the Protection From Abuse Act, 23 Pa.C.S. § 6110, granting emergency relief from abuse, and
**(2)** Section 62A09 of Title 42, 42 Pa.C.S. § 62A 09, granting emergency relief in connection with claims of sexual violence or intimidation.

246 Pa. Code § 1201. Again, the Undersigned sees no reason Pennsylvania law would apply here.

8

*recommendation adopted*, 2022 WL 16735157 (S.D. Ohio Nov. 7, 2022) (noting that: "'Sexual imposition' is a crime under state law, *see* Ohio Revised Code § 2907.06, but is not an independent basis for a § 1983 claim." Accordingly, any claims based on state criminal statutes should be dismissed.

### 4.    <u>Federal Criminal Offenses</u>

Similarly, any claims based on federal criminal statutes (to the extent that Plaintiff has invoked them in his in handwritten Complaint) should be dismissed. The Court can only consider alleged violations of federal criminal statutes "after a federal grand jury has returned an indictment." *Kennedy v. Warden, Marysville Reformatory for Women*, No. 2:20-cv-2979, 2021 WL 3578096, at *1 (S.D. Ohio Aug. 13, 2021). There is no allegation here that a federal indictment has been returned against Kenswarth, therefore no prosecution of him can go forward in this case.

Plaintiff does not have a right to sue Kenswarth for federal crimes either. *See Kelly v. City of New Philadelphia*, No. 5:11-cv-474, 2011 WL 3705151, at *2-3 (N.D. Ohio Aug. 22, 2011). In other words, "[a]lthough a federal prosecutor may begin a judicial proceeding to enforce a criminal statute, a private citizen may not." *Abdel-Malak v. Cape Fear Valley Med. Ctr.*, No. 5:20-cv-00221, 2020 WL 5792456, at *4 (E.D.N.C. July 24, 2020). Accordingly, any claims alleging federal crimes should be dismissed.

### 5.    <u>Prison Rape Elimination Act or PREA</u>

Plaintiff invokes the PREA against Nurse Kenswarth. (*See, e.g.,* Complaint, PageID 15). *See* 34 U.S.C. §§ 30301-30309. "The PREA is intended to address the problem of rape in prison, authorizes grant money, and creates a commission to study the issue." *Montgomery v. Harper*, No. 5:14-cv-P38-R, 2014 WL 4104163, at *2 (W.D. Ky. Aug. 19, 2014) (quoting *Chinnici v. Edwards*, No. 1:07-cv-229, 2008 WL 3851294 (D.Vt. Aug. 12, 2008) and citing *Gonzaga Univ.*

*v. Doe*, 536 U.S. 273, 280, (2002)). It "does not grant prisoners any specific rights." *Montgomery*, 2014 WL 4104163, at *2. More specifically, "PREA does not create a private right of action" for prisoners. *Perry v. Warden Warren Corr. Inst.,* No. 1:20-cv-30, 2020 WL 3396317, at *6 (S.D. Ohio June 19, 2020), *report and recommendation adopted*, 2020 WL 4013038 (S.D. Ohio July 16, 2020); *Johnson v. Gowdy*, No. 24-10385, 2024 WL 1446579, at *3 (E.D. Mich. Apr. 3, 2024) (and the cases cited therein) (noting that numerous district courts in this Circuit hold that PREA does not create a private cause of action).

As a result, "[a]n alleged PREA violation, or a failure to adequately investigate an alleged PREA violation may not be raised under 42 U.S.C. § 1983." *Johnson v. Chambers-Smith*, No. 2:22-cv-4179, 2023 WL 2555446, at *21 (S.D. Ohio Mar. 17, 2023), *report and recommendation adopted*, 2023 WL 6065130 (S.D. Ohio Sept. 18, 2023). Courts regularly dismiss such claims, even where the facts of a case may raise valid concerns. *Id.* Accordingly, while Plaintiff may pursue his claims against Nurse Kenswarth as discussed in Sections III.A.1-2 above, any claim against Nurse Kenswarth under the PREA should be dismissed.

### 6. Violation of Jail Policy

Plaintiff appears to allege that Nurse Kenswarth acted contrary to jail policy by not taking Plaintiff to a private space for medical treatment. (*See, e.g.,* Complaint, PageID 15, 19). Even if true, an alleged violation of jail policy does not state a claim under Section 1983. That is, Section 1983 does not provide a remedy for violations of state or municipal laws or regulations. *See Williams v. Burgess*, No. 5:21-cv-99, 2021 WL 5816830, at *4 (W.D. Ky. Dec. 7, 2021) (citing *Laney v. Farley*, 501 F.3d 577, 580 n.2 (6th Cir. 2007)) ("The purpose of § 1983 is to remedy violations of federal law, not state law.").

Thus, "Defendants' alleged failure to comply with [a state] administrative rule or policy does not itself rise to the level of a constitutional violation." *Williams v. Burke*, No. 2:08-cv-123,

10

2009 WL 1788374, at *1 (W.D. Mich. June 18, 2009) (collecting cases); *Burgess*, 2021 WL

5816830, at *4 ("to the extent that Williams identifies state policies as conferring a right for a §

1983 claim, the Court dismisses that claim").  While a violation of policy may potentially be

relevant to the claims that are proceeding, any Section 1983 claim premised solely on an alleged

violation of jail policy should be dismissed for failure to state a claim.  *See Brown v. Mahlman*,

No. 1:22-cv-239, 2022 WL 17817615, at *3 (S.D. Ohio Dec. 19, 2022) (dismissing alleged

violations of ODRC policy because they "fall outside the scope of § 1983").

### 7. <u>Official Capacity Claim</u>

As mentioned above, Plaintiff's Section 1983 claim may proceed against Nurse

Kenswarth in his *individual* capacity.  Section III.A.1.  Any claims against him in his *official*

capacity should be dismissed.

A claim against Nurse Kenswarth in his official capacity is essentially a claim against

Butler County.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits

. . .  generally represent only another way of pleading an action against an entity of which an

officer is an agent. . . . [A]n official-capacity suit is, in all respects other than name, to be treated

as a suit against the entity.") (internal quotation marks and citations omitted).

Counties may be sued under Section 1983 if they are "alleged to have caused a

constitutional tort through 'a policy statement, ordinance, regulation, or decision officially

adopted and promulgated by that body's officers.'" *City of St. Louis v. Praprotnik*, 485 U.S. 112,

121 (1988) (quoting *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690

(1978)).  Plaintiff here does not allege that Nurse Kenswarth acted according to any such official

policy, ordinance, or regulation.  To the contrary, Plaintiff asserts that Nurse Kenswarth acted

*contrary* to policy.  *See* Section III.A.6.  As a result, Plaintiff fails to state a claim, and any

Section 1983 claim against Nurse Kenswarth in his official capacity should be dismissed.[5]  *See*

*Willoughby v. Harge*r, No. 2:20-cv-620, 2020 WL 1182312, at *2 (S.D. Ohio Mar. 12, 2020)

(agreeing that a "complaint does not assert a viable claim against [the defendant deputy] in his

official capacity, as it is not alleged that [defendant] acted pursuant to a . . . County ordinance or

policy.").

### B.    *Officer Warner*

### Failure to Report a Crime

Plaintiff alleges that Officer Warner failed to report Nurse Kenswarth's crime(s), even

after he read and witnessed Plaintiff's statement about the incident.  (*See* Complaint, PageID 12,

16-17, 23, 30, 33; *see also* "Voluntary Statement Form," dated December 29, 2023, Doc. 1-1,

PageID 27).  It is not clear what kind of claim this is, or what the legal basis for it is.  It is also

not clear what damage resulted, as Plaintiff himself reported the incident and it was apparently

investigated by the FBI and/or the U.S. Marshals Service, as well as the Butler County Sheriff's

Office.  (Complaint, PageID 12, 17; *see also* Grievance Forms, Doc. 1-1, PageID 36-38).

In this context, Plaintiff appears to partially quote a Rule from the Ohio Administrative

Code entitled "Sexual Misconduct."  Rule 3357:15-14-15(B)(1) says, in part:

> Anyone who believes that an administrator, supervisor, employee, faculty member,
> student, or non-employees behavior constitutes discrimination or harassment has a
> responsibility to report the behavior/action . . .

(*Compare* Complaint, PageID 16).  This Rule, however, applies by its terms to Stark State

College, a community college in North Canton, Ohio.[6]  There is no apparent reason why it

---

[5] This same analysis would apply to other Butler County employees, and to Butler County itself as discussed in Section III.F.

[6] Rule 3357:15-14-15 begins:

should apply to Officer Warner at a jail in Butler County.

At another point in the Complaint, Plaintiff cites to Ohio Revised Code § 5101.63, which requires certain persons to report the abuse or neglect of an adult. (*See* Complaint, PageID 20). The statute says, in part:

> No person listed in division (A)(2) of this section having reasonable cause to believe that an adult is being abused, neglected, or exploited, or is in a condition which is the result of abuse, neglect, or exploitation shall knowingly fail to immediately report such belief to the county department of job and family services.

Ohio Rev. Code § 5101.63(A)(1). "Whoever violates . . . division (A) of section 5101.63 . . . is guilty of a misdemeanor of the fourth degree." Ohio Rev. Code § 5101.99(B).

To the extent Plaintiff seeks to criminally prosecute Officer Warner under this statute or to have him prosecuted, he cannot do so for the reasons stated above. *See* Section III.A.3. Ohio Revised Code § 5101.63 does not contain an express provision allowing civil claims for failure to report. *See Byrd*, 2022 WL 4368129, at *4 (S.D. Ohio Sept. 21, 2022) (where an Ohio criminal statute does not specifically indicate that a private person may sue to enforce it, there is no such right).

To the extent Plaintiff bases a Section 1983 claim solely on a violation of this state statute—or any other state statute, jail policy, or state regulation—he cannot do so because Section 1983 can only remedy a violation of *federal* or constitutional law. *See Lewellen v.*

---

Stark state college desires to establish and maintain a safe and secure environment for our employees and students, free of sexual misconduct and sex discrimination based on gender, gender identity, or sexual orientation. The college will not tolerate sexual misconduct of any kind. Sexual misconduct is socially irresponsible and violates the rights of other individuals. Sexual misconduct has the potential of threatening an individuals academic performance, economic livelihood, career advancement, psychological, and total well-being and is prohibited by this policy. This policy is also applicable to all third parties affiliated with the college. Third parties are neither employees nor students and can include, but are not limited to, consultants, vendors, contractors, etc. Sexual misconduct is a serious offense which could lead to dismissal and/or termination from the college and criminal charges being filed with the local law enforcement authority having jurisdiction."

It is also available at https://codes.ohio.gov/ohio-administrative-code/rule-3357:15-14-15 (last visited May 29, 2024).

13

*Metro. Gov't of Nashville*, 34 F.3d 345, 347 (6th Cir. 1994) ("Unless a deprivation of some federal constitutional or statutory right has occurred, § 1983 provides no redress even if the plaintiff's common law rights have been violated and even if the remedies available under state law are inadequate"). Without some identifiable federal or constitutional violation, Plaintiff's allegation that Officer Warner failed to report a crime does not present a viable Section 1983 claim. *See Scott v. Logan Cnty. Jail*, No. 1:23-cv-P130, 2024 WL 531265, at *5 (W.D. Ky. Feb. 9, 2024) ("As to Plaintiff's claims against [Defendants] for their alleged failure to report Plaintiff's attempted murder or other felony crimes, the Court will dismiss these claims because Plaintiff points to no federal law or constitutional rule which this alleged failure to report violates, as § 1983 requires.")

Accordingly, because there is no identifiable federal or constitutional right at issue, the Section 1983 claim against Officer Warner for failure to report a crime should be dismissed. He should be dismissed as a defendant.

### C. *Detective Morris*

Plaintiff's allegations about Detective Morris describe the conversation between them the day after the incident. (Complaint, PageID 12, 18-19, 23, 30). Detective Morris asked questions about what happened and according to Plaintiff, "got smartass" when Plaintiff asked when he would get to go to the hospital. (*Id.*, PageID 12, 18, 23).

These allegations do not state a constitutional violation. Plaintiff was indeed taken to the hospital. (*Id.*). An investigation was apparently commenced by three agencies. (*Id.*, PageID 12, 17, 20). Plaintiff may reasonably have been offended by the tone or implication of Detective Morris' questions, especially given the sensitive nature of his allegations, but even offensive statements do not rise to the level of a constitution violation. *See Mallory v. Smith*, No. 3:17-cv-P253, 2017 WL 3484690, at *3 (W.D. Ky. Aug. 14, 2017) ("Harassing or degrading language by

14

a prison official, while unprofessional and despicable, does not amount to a constitutional

violation.").  As there are no discernible or plausible claims against Detective Morris, he should

be dismissed as a defendant.

### D.    DUSM Stengel and PREA Coordinator Clendenin

Plaintiff's Complaint contains no discernable allegations at all against these two

Defendants.  However, they are each mentioned in the Grievance Forms attached to the

Complaint.  (Complaint, PageID 37).  The Forms show that in January 2024, an officer at a

different county jail told Plaintiff:

> I am going to forward this to the DUSM John Stengel and ask him to come speak
> with you regarding the outcome of the investigation. I am sending him a formal
> letter notifying him of your concern as well. I have no answers to your allegations
> or questions regarding the butler county incident. This will need to be addressed by
> DUSM.

(*Id*.).  And:

> I forwarded a notice to Butler County Jail PREA Coordinator Lt. R. Clendenin
> today as required by PREA. DUSM has two agents coming in next week to speak
> with you so I can assure you this will be handled.

(*Id*.).  There is no information about anything that Stengel or Clendenin did or did not do in

response.[7]  Even liberally construed, the Complaint fails to state a claim against them.

"The Sixth Circuit 'has consistently held that damage claims against government officials

arising from alleged violations of constitutional rights must allege, with particularity, facts that

demonstrate what *each* defendant did that violated the asserted constitutional right.'"  *Reid v.

City of Detroit*, No. 18-13681, 2020 WL 5902597, at *6 (E.D. Mich. Oct. 5, 2020) (quoting

*Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008)) (emphasis in original).  "Merely listing

---

[7] The Court could speculate that Plaintiff means to allege that these Defendants did not adequately investigate or did not resolve Plaintiff's allegations in the way he wanted.  Even this would not state a claim on which relief may be granted.  *See Jackson v. Wicking*, No. 3:20-cv-249, 2020 WL 6874963, at *2 (M.D. Tenn. Nov. 23, 2020) (concluding that plaintiff "simply has no constitutional right to compel a proper investigation of his PREA complaint or the disclosure of video footage, or even to have that complaint investigated at all").

names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under § 1983." *Gilmore v. Corr. Corp. of Am.,* 92 F. App'x 188, 190 (6th Cir. 2004) (citing *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978)). Thus, "[w]here a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to pro se complaints." *Catanzaro v. Harry*, 848 F. Supp. 2d 780, 791 (W.D. Mich. 2012).  Here, DUSM Stengel and PREA Coordinator Clendenin should be dismissed as defendants because there are no allegations or claims against them.

### E. The State of Ohio

Plaintiff may also intend to sue the State of Ohio.  (*Compare* Complaint, PageID 10 *with* PageID 47).  To the extent he does, any claim should be dismissed.  Claims for damages against the State of Ohio are barred by the Eleventh Amendment, which "denies to the federal courts authority to entertain a suit brought by private parties against a state without its consent."  *Maben v. Thelen*, 887 F.3d 252, 270 (6th Cir. 2018) (quoting *Ford Motor Co. v. Dep't of Treasury of Indiana*, 323 U.S. 459, 464 (1945)).  "The [United States Supreme] Court has held that, absent waiver by the State or valid congressional override, the Eleventh Amendment bars a damages action against a State in federal court."  *Maben*, 887 F.3d. at 270 (quoting *Kentucky v. Graham*, 473 U.S. 159, 169 (1985)).  Here, "because Ohio has not consented to suits in federal court nor has Congress abrogated Ohio's immunity under § 1983," the State of Ohio has immunity for claims against it.  *Smith v. DeWine*, 476 F. Supp. 3d 635, 652 (S.D. Ohio 2020) (citing *Ohio v. Madeline Marie Nursing Homes # 1 & # 2*, 694 F.2d 449, 460 (6th Cir. 1984) and *Giles v. Univ. of Toledo*, 478 F. Supp. 2d 924, 960-61 (N.D. Ohio 2007)).

In addition, as discussed more in the next section, the State of Ohio is not a "person" who may be sued under Section 1983.  *See Patterson v. State of Ohio*, No. 1:19-cv-1524, 2019 WL

5190995, at *2 (N.D. Ohio Oct. 15, 2019) (citing *Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 65-66 (1989)) ("It is well-established that the State of Ohio is not a 'person' subject to suit under § 1983. Therefore, Plaintiff fails to state a plausible § 1983 claim for relief against the State of Ohio.") (cleaned up). The State of Ohio should be dismissed as a defendant.

### F.   *Butler County Sheriff Department, Butler County Jail, and Butler County Jail Authority*

"Section 1983 creates liability for 'persons' who deprive others of federal rights under color of law. Only a 'person' faces liability under the statute." *Hohenberg v. Shelby Cnty., Tenn.*, 68 F.4th 336 (6th Cir. 2023) (citing *Will*, 491 U.S. at 64). Neither a sheriff's department nor a county jail are "persons." And, as this Court has often said, a "Plaintiff has not stated an actionable claim for relief against [the County Jail and Sheriff's Department] because they are not legal entities that are capable of being sued**."** *Cook v. Scioto Cnty. Jail*, No. 1:20-cv-22, 2020 WL 1031491, at *2 (S.D. Ohio Mar. 3, 2020), *report and recommendation adopted*, 2020 WL 1322066 (S.D. Ohio Mar. 20, 2020) (citing *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) and a number of other cases). *See also Stanton v. Butler Cnty. Sheriff's Dep't*, No. 1:15-cv-149, 2015 WL 2452439, at *3 (S.D. Ohio May 21, 2015) (adopting a report and recommendation that said: "to the extent that plaintiff has named the Butler County Sheriff's Department as a defendant in the caption of the complaint, he has failed to state a plausible claim for relief. It is well-settled that 'under Ohio law, a county sheriff's office is not a legal entity that is capable of being sued'") (citations omitted); *Copeland v. Kelly*, No. 1:22-cv-129, 2024 WL 1297671, at *2 (S.D. Ohio Mar. 27, 2024) (citing *Polachek v. Roberts*, No. 1:22-cv-742, 2023 WL 6348388, at *2 (S.D. Ohio Sept. 28, 2023) ("[C]orrectional facilities, such as the Butler County Jail, are not proper persons to be defendants in a § 1983 action."). Plaintiff's claims against these two entities should be dismissed.

Plaintiff may have intended to sue the "Butler County Jail Authority."  (*Compare* Complaint, PageID 10 *with* PageID 47).  The Undersigned cannot locate any allegations against this entity in the Complaint (separate from those against Jail as a correctional facility and the Sheriff's Department).  It is not clear that "Butler County Jail Authority" actually exists.  To the extent it does and is a department of the Butler County Sheriff's Office, any claims against it should be dismissed.  *See Simms v. Butler Cnty. Sheriff's Office Corrections Division*, No. 1:16-cv-247, 2016 WL 720983, at *2 (S.D. Ohio Jan. 29, 2016), *report and recommendation adopted*, 2016 WL 696094 (S.D. Ohio Feb. 22, 2016) ("plaintiff's complaint against a department of the Butler County Sheriff's Office is subject to dismissal because the defendant is not sui juris and, therefore, lacks the capacity to be sued under § 1983").

The Court could consider the Complaint—liberally construed—to have named Butler County itself, as the authority over the Jail.  However, it does not appear that any allegations are actually directed toward Butler County.  And, "[e]ven if the Court were to liberally construe the complaint as brought against Butler County, plaintiff has failed to state an actionable claim in the absence of any allegation that his constitutional rights were violated pursuant to a 'policy statement, ordinance, regulation or decision officially adopted and promulgated by the county,'" which is required to state a claim.  *Simms*, 2016 WL 720983, at *2 (quoting *Monnell v. Dep't of Soc. Servs.,* 436 U.S. 658, 690 (1978)).

For these reasons, any claims against the Butler County Sherriff Office, the Butler County Jail, and the Butler County Jail Authority should be dismissed, and they should be dismissed as defendants.

### G. *SANE Butler County Hospital*[8] *and Tri Health Hospital*

Plaintiff sues these entities but does not direct any particular allegations toward them. (*See* Complaint, PageID 10, 47-48). For the same reasons articulated in Section III.D, they should be dismissed as defendants.

## IV. CLASS ACTION

Plaintiff labels this case a class action. (Complaint, PageID 10; Civil Cover Sheet, Doc. 1-2, PageID 49). There are no identifiable allegations included about a class or any identifiable reasons why a class should be certified. It may be that Plaintiff is seeking to assert the rights of detainees generally to be free from sexual assault, an issue which may be considered in the ordinary course of this case. However, to the extent that Plaintiff is seeking to formally be named a class representative, his request should be denied.

The Undersigned notes that:

> Federal Rule of Civil Procedure 23(a)(4) generally does not permit pro se plaintiffs without legal training to serve as class representatives. *See Garrison v. Mich. Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) (holding that pro se litigants are "inadequate class representatives"); *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008) (holding that "[p]ro se prisoners generally may not bring class action lawsuits concerning prison conditions"). [Plaintiff], who is incarcerated and lacks legal training, has not attempted to establish that he would be an adequate class representative, either in his motion for class certification or on appeal. Because [Plaintiff] has offered no basis for departing from the general rule that pro se plaintiffs are not adequate class representatives, the district court did not abuse its discretion by denying class certification.

*Sanders v. Macauley*, No. 22-1502, 2022 WL 16729580, at *5 (6th Cir. Aug. 10, 2022), *cert. denied*, 214 L. Ed. 2d 203 (2022).

---

[8] The Complaint attaches "Forensic Exam Aftercare Instructions" on letterhead from "SANE of Butler County," which is presumably what Plaintiff refers to in this context. (Complaint, PageID 25-26). *See also* https://www.saneofbutlercounty.org/ourservices (last visited May 29, 2024) ("SANE (Sexual Assault Nurse Examiners) of Butler County is dedicated to promoting and providing the prompt, ethical, and appropriate medico-legal examination and treatment of patients in cases of reported sexual assault.").

Further, to the extent Plaintiff seeks to assert claims on behalf of other inmates outside the context of a class action, he is unable to do so. *See Williams-Bey v. Smith*, No. 1:20-cv-828, 2020 WL 1954140, at *1 (N.D. Ohio Apr. 23, 2020) ("[T]o the extent the Plaintiff purports to represent a class or anyone other than himself, his Complaint must be dismissed."); *Marcum v. Jones*, No. 1:06-cv-108, 2006 WL 543714, at *1 (S.D. Ohio Mar. 3, 2006) (and cases cited therein) (holding that a pro se inmate "may bring his own claims to federal court without counsel, but not the claims of others"); *Garrison v. Michigan Dep't of Corr.*, 333 F. App'x 914, 919 (6th Cir. 2009) ("[A] pro se litigant may represent himself on his own claims, but [he] may not act in a representative capacity," or represent a class of inmates in class action litigation). Plaintiff's claims and arguments in this case should therefore be "limited to alleged violations of his own constitutional rights." *Dodson v. Wilkinson*, 304 F. App'x 434, 438 (6th Cir. 2008). This matter is not a class action.

## V.    SERVICE

One of the next steps in this case is for Defendant Kenswarth to be served with the Summons and Complaint, and then for him to file a response to the Complaint. Plaintiff has provided a single Summons form and U.S. Marshal form which lists all or most of the Defendants named in the Complaint. (*See* Summons form, Doc. 1-3, PageID 51; U.S. Marshal form, Doc. 1-4, PageID 54). To avoid confusion, he must provide one set of forms for Defendant Kenswarth only. Plaintiff is **ORDERED** to complete and returns a Summons form and U.S. Marshal form for Kenswarth **within thirty days**. The Court will provide the blank forms for him to use.

Once the completed forms are received by the Clerk, the Court **DIRECTS** the United States Marshal Service to serve a copy of the Summons, the Complaint, and this order on

Defendant Kenswarth as directed by Plaintiff. The costs of service shall be advanced by the United States. *See* 28 U.S.C. § 1915(d).

During these proceedings, Plaintiff shall serve upon Defendant or, if appearance has been entered by counsel, upon Defendant's attorney, a copy of every further pleading or other document submitted for consideration by the Court. He shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of the document was mailed to Defendant or Defendant's counsel. Any paper received by a District Judge or Magistrate Judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

## VI.    SUMMARY AND CONCLUSION

The Undersigned has screened the Complaint (Doc. 1-1) as required under 28 U.S.C. §§ 1915 and 1915A, and concludes that Plaintiff's Eighth and/or Fourteenth Amendment claims against Nurse Kenswarth in his individual capacity, and his accompanying state medical malpractice claim, may **PROCEED** to further development. This part of the case will continue.

However, the Undersigned **RECOMMENDS** that the Court **DISMISS** the remaining claims and defendants, including those:

A. against <u>Nurse Kenswarth</u> for medical malpractice under Section 1983; under the PREA; and for violations of state or federal criminal law, or jail policy; and those against him in his official capacity. (Section III.A.2-7).

B. against <u>Officer Warner</u>, as Plaintiff has not identified an enforceable legal interest with respect to reporting a crime. (Section III.B).

C. against <u>Detective Morris</u>, as there are no discernible or plausible claims against him. (Section III.C).

21

D. against <u>DUSM Stengel</u> and <u>PREA Coordinator Clendenin</u>, as there are no allegations against them.  (Section III.D).

E. against the <u>State of Ohio</u>, which is immune from suit and not a "person" against whom a Section 1983 claim can proceed.  (Section III.E).

F. against the <u>Butler County Sheriff Department</u>, the <u>Butler County Jail</u>, and the <u>Butler County Jail Authority</u>, as these are not "persons" or entities subject to suit, and because there are no allegations that an official county policy, ordinance, or regulation led to the violation(s).  (Section III.F).

G. against <u>SANE Butler County Hospital</u> and <u>Tri Health Hospital</u>, because there are no allegations against them.  (Section III.G).

Plaintiff may file objections to these recommendations, as noted in the next section.  He is advised that he must keep the Court informed of his current address, and promptly file a Notice of New Address if he is released or transferred.

The Clerk of Court is **DIRECTED** to send Plaintiff one blank Summons form and U.S. Marshal form for his use.  Plaintiff is **ORDERED** to complete and return the forms **<u>within thirty days</u>**.  Service shall then proceed as directed in Section V.

## VII.    NOTICE REGARDING OBJECTIONS

If any party objects to this Report and Recommendation ("R&R"), the party may serve and file specific, written objections to it **<u>within fourteen days</u>** after being served with a copy thereof.  Fed. R. Civ. P. 72(b).  All objections shall specify the portion(s) of the R&R objected to and shall be accompanied by a memorandum of law in support of the objections.  The Court may extend the 14-day objections period if a timely motion for an extension of time is filed.

A Judge of this Court will make a de novo determination of those portions of the R&R to which objection is made.  Upon proper objection, a Judge of this Court may accept, reject, or

modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the R&R will result in a waiver of the right to have the District Judge review the R&R de novo, and will also operate as a waiver of the right to appeal the decision of the District Court adopting the R&R. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

**IT IS SO ORDERED.**


June 11, 2024                                      s/*Stephanie K. Bowman*
                                                  STEPHANIE K. BOWMAN
                                                  UNITED STATES MAGISTRATE JUDGE