**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH EADS,                                          Case No. 1:24-cv-225

     Plaintiff,

     vs.                                          McFarland, J.
                                                     Bowman, M.J.

NURSE KINSWORTHY, et al.,

     Defendant.

**REPORT AND RECOMMENDATION**

This civil action is now before the Court on Plaintiff's motion for leave to amend (Docs. 49, 51) and Defendant's memorandum contra. (Doc. 52). For the reasons explained below, Plaintiff's motion is not well-taken.

## I.    Background and Facts

Plaintiff's complaint alleges the following facts.

On December 29, 2023, Plaintiff was suffering from hemorrhoidal issues, including bleeding and severe pain, for which he sought medical attention. (Complaint, PageID 12, 14, 23, 27, 31). He claims that Officer/Nurse Kenswarth, an employee of the Butler County Jail performed a painful and alleged inappropriate examination. He gave a written statement about the incident to Officer Warner. (See Doc. 1)). Plaintiff was ultimately taken to the hospital, where staff performed a rape kit/sexual assault examination. Plaintiff sues Nurse Kenswarth for the unwanted physical intrusion, which he describes as rape, abuse, sodomy, sexual assault, torture, unlawful sexual penetration, medical malpractice, medical abandonment, breach of fiduciary duty, and cruel and unusual punishment, among other things. (Complaint, PageID 12, 15, 16, 18, 22, 23, 27, 30). He sues Officer

1

Warner for failing to report the crime. (Complaint, PageID 12, 16-17, 23, 30, 33). He also sues Detective Morris, D.U.S.M. John Stengler, and "Jail PREA Coordinator" Lt. Robert Clendenin, although he does not identify his claims against these defendants. (Complaint, PageID 10, 47, 48).  Additionally, Plaintiff sues several entities, including Butler County Jail, the Butler County Sheriff Department, and the "Butler County Jail Authority." (Complaint, PageID 10, 47, 48). The claims against these defendants generally concern the denial of medical care, the failure to press charges or investigate, and the refusal to provide documentation about the incident. (Id., PageID 14, 17, 18, 20-21). Plaintiff also sues "Sane Hospital" or "Sane Butler County Hospital," and Tri Health Hospital. (Id., PageID 10, 47, 48).

Upon screening of the initial complaint, Plaintiff's Eighth and/or Fourteenth Amendment claims against Nurse Kenswarth[1] in his individual capacity, and his accompanying state medical malpractice claims were allowed to proceed. Plaintiff's remaining claims were dismissed.   (Doc. 8).

Thereafter, Defendant Kinsworthy was served with the complaint in October 2024, and Defendant timely filed an Answer to the Complaint on October 29, 2024.  Defendant responded to Plaintiff's discovery request in and served Plaintiff with discovery in March 2025. Defendant's discovery requests were returned as non-deliverable. Plaintiff subsequently received these responses and requests and failed to respond to Defendant until June 30, 2025. Plaintiff filed a second Motion to Appoint Counsel on April 25,2025, citing his inability to respond to discovery, given an alleged learning disability. On June 5, 2025, Plaintiff's motion was denied and the Court also granted Defendant's motion for

---

[1] Plaintiff s Complaint incorrectly listed the name of Defendant Kenworthy as "Nurse Kensworth." Defendant's correct name is Tim Kinsworthy.

2

extension of time, due to Plaintiff's failure to comply with the discovery deadline. (See Doc. 41). The Court extended the discovery deadline from June 2, 2025 to August 4,2025, allowing Plaintiff additional time to fully respond to Defendant's requests. Id. Plaintiff, again, filed a motion to extend the deadline to respond to Defendant's discovery requests, because he was in solitary confinement. Plaintiff was then given one final chance to respond to Defendant's discovery requests on June 18, 2025 but was informed that no further extensions of time would be granted. See June 18, 2025, Notation Order.

Plaintiff responded to Defendant's discovery requests on June 30, 2025; however, these responses were deficient. Nevertheless, Defendant deposed Plaintiff on July 21, 2025, and again informed Plaintiff that he was under an obligation to produce the required documents and answer interrogatories fully.

Thereafter, Plaintiff filed the instant motion for leave to file an amended complaint, on July 29,2025, three business days before the discovery cutoff.  However, Plaintiff did not attach the proposed amended complaint to his motion and was granted an additional 30 days to provide the Court with the proposed amended complaint.  On August 18,2025, Plaintiff filed his proposed Amended Complaint, alleging substantially the same facts as the original Complaint, and named several individuals that had previously been dismissed at the initial screening. (See Doc. 51).  The Court allowed Defendant until September 9. 2025, to respond to Plaintiff's Motion.

Upon careful review, the undesigned finds that Plaintiff's motion is not well-taken.

## II.     Applicable Law

Rule 15(a) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). Rule 15

3

reinforces "the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of a request to amend a complaint is left to the broad discretion of the trial court. *Gen'l Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). In exercising this discretion, the trial court may consider such factors as "undue delay, bad faith or dilatory motive on the part of a movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment [and] futility of the amendment[.]" *Foman v. Davis*, 371 U.S. 178, 182 (1962). See also *Brumbalough v. Camelot Care Ctrs., Inc*., 427 F.3d 996, 1001 (6th Cir. 2005).  In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Williamson v. Licking Cnty. Sheriff's Off.*, No. 2:21-CV-3222, 2022 WL 806623, at *2 (S.D. Ohio Mar. 16, 2022).

"Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss*." Miller v. Calhoun Cnty*., 408 F.3d 803, 817 (6th Cir. 2005). To survive a motion to dismiss, a complaint must contain sufficient factual allegations to state a claim that is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570.

### III.    Plaintiff's motion is not well-taken

Defendant contends that granting Plaintiff leave to amend would be prejudicial to Defendant due to his delay in seeking to amend.  Defendant further contends that granting

Plaintiff leave to amend would be futile.  The undersigned agrees.

As noted by Defendant, the proposed amended complaint does not include any newly discovered information and essentially seeks to reassert the same claims against many of the same defendants that were previously dismissed by the Court.  Despite this, Plaintiff waited until over a year to seek leave to amend his complaint. As a result, Defendant argues that such a delay unduly prejudices Defendant.  *See Phelps v. McClellan*, 30 F.3d 658, 662 (6th Cir. 1994). The longer the period of unexplained delay, the less that is required of the nonmoving party in terms of showing prejudice.  The undersigned agrees.  Defendant has already deposed Plaintiff and has filed a motion for summary judgment that is currently pending before the Court.  As such, the undersigned agrees that allowing Plaintiff to amend his complaint at this time would require Defendant to expend significant additional resources to conduct discovery and prepare additional dispositive motions.  See *Brennan v. Arkay Indus., Inc.*, 164 F.R.D. 464 (S.D. Ohio 1996) (Plaintiff's motion for leave to amend complaint was denied where amendment was sought over one year after initial filing of complaint; no justification or explanation was offered for delay, and amendment would have been prejudicial as plaintiff and his wife had already been deposed by former employer).

Defendant also argues that granting Plaintiff's motion for leave to amend would be futile, because he fails to bring any cognizable causes of action against Defendant Kinsworthy or any other proposed defendant.  As noted above, Plaintiff alleges violations of federal and state criminal statutes, attempts to create causes of action that do not exist, and fails to provide factual evidence to support any of these new allegations. Notably, Plaintiff's proposed amended complaint attempts to reassert the same claims that were

previously dismissed by the Court upon initial screening of the complaint pursuant to 28 U.S.C. § 1915.  Accordingly, because Plaintiff's proposed Amended Complaint could not survive a Fed. R. Civ. P. 12(b)(6) motion to dismiss, it is properly denied. See *SFS Check, LLC v. First Bank of Delaware*,774 F.3d 351, 355 (6th Cir. 2014*); Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); Fed. R. Civ. P. 15(a)(2).

**IV.    Conclusion**

For these reasons, it is herein **RECOMMENDED** that Plaintiffs' motion for leave to file an amended complaint (Docs. 49) should be **DENIED.**

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Chief Magistrate Judge

Case: 1:24-cv-00225-MWM-SKB Doc #: 78 Filed: 02/25/26 Page: 7 of 7  PAGEID #: 1377

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

JOSEPH EADS,

      Plaintiff,

      vs.

NURSE KINSWORTHY, et al.,

      Defendant.

Case No. 1:24-cv-225

McFarland, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

7